# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RACHEL BERGIDA, | Case No.: 2:22-cv-02150-APG-BNW |
| Plaintiff | **Order Granting PlusFour's Motion to Dismiss** |
| v. | |
| PLUSFOUR, INC., | [ECF No. 6] |
| Defendant | |

Rachel Bergida received an undated debt collection letter from PlusFour, Inc.  Bergida claims that the lack of date on the collection letter caused her to be confused about the letter's legitimacy, so she did not pay the debt and therefore suffered consequences.  Bergida sues PlusFour for multiple violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.  She claims the undated letter violated debt validation notice requirements under § 1692g(a) and (b); was harassing, oppressive, or abusive in violation of § 1692d; was false or misleading in violation of § 1692e(2)(A) and e(10); and was unfair or unconscionable in violation of § 1692f.  PlusFour moves to dismiss all claims, arguing that it is protected by a Consumer Financial Protection Board (CFPB) regulatory safe harbor because it used a CFPB model letter and that Bergida has not alleged that information in the letter was inaccurate, confusing, or unfair.  Bergida has not plausibly alleged any violations of the FDCPA, so I dismiss all her claims with leave to amend if facts exist to do so.

## I.  BACKGROUND

PlusFour is a debt collector as defined by the FDCPA because it collects and attempts to collect debts using mail, telephone, and the internet.[1] ECF No. 1 at 6-7.  PlusFour sent Bergida an undated letter to collect a debt that Bergida had allegedly incurred from receiving medical services. *Id.* at 7.  The letter stated: "PlusFour, Inc. is a debt collector.  We are trying to collect a debt that you owe to DESERT RADIOLOGY SOLUTIONS.  We will use any information you give us to help us collect the debt." ECF No. 1-1 at 2.  It continues:

> **Our information shows:**
> You received services from DESERT RADIOLOGY SOLUTIONS with account number [redacted].
>
> | | |
> |---|---|
> | As of September 27, 2022, you owed: | $103.69 |
> | Between September 27, 2022 and today: | |
> | You were charged this amount in interest: | + $0.00 |
> | You were charged this amount in fees: | + $0.00 |
> | You paid or were credited this amount toward the debt: | - $0.00 |
> | **Total amount of the debt now:** | **$103.69** |

*Id.*  The letter also stated, in pertinent part: "How can you dispute the debt?  Call or write to us by January 7, 2023, to dispute all or part of the debt.  If you do not, we will assume that our information is correct.  If you write to us by January 7, 2023, we must stop collection on any amount you dispute until we send you information that shows you owe the debt." *Id.*  Further, the letter stated: "What else can you do?  Write to ask for the name and address of the original creditor, if different from the current creditor.  If you write by January 7, 2023, we must stop collection until we send you that information." *Id.*

---

[1] The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

According to the complaint, "[t]here is no way to determine from the Letter which date 'today' and 'now' refer to" because the letter is undated. ECF No. 1 at 7.  Bergida "was thereby misled as to the status of the subject debt, for it was not associated with a particular date." *Id.* The missing date also "made it confusing for [Bergida] to understand the nature of the subject debt." *Id.* at 8.  Bergida alleges that it is a common business practice to date official letters, so the lack of a date made PlusFour's letter seem illegitimate and suspicious. *Id.* at 7-9.  Bergida was uncertain about the legitimacy of the letter and believed that the letter was an "attempt to collect inaccurate or improper monies." *Id.* at 8, 9.  Because of this perception, Bergida expended time and money to ascertain her options and responses. *Id.* at 10.  She ultimately did not act on or pay the debt, which hurt her credit score. *Id.*  She alleges she would have pursued a different course of action if the letter had been dated. *Id.*

## II.  LEGAL STANDARD

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  Mere recitals of the elements of a cause of action, supported by conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must also make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678.  When the claims

1 have not crossed the line from conceivable to plausible, the complaint must be dismissed.

2 *Twombly*, 550 U.S. at 570.

3 **III.  DISCUSSION**

4     **A.  The FDCPA and the "Least Sophisticated Debtor" Standard**

5     The FDCPA is designed to "eliminate abusive debt collection practices by debt

6 collectors, to insure that those debt collectors who refrain from using abusive debt collection

7 practices are not competitively disadvantaged, and to promote consistent State action to protect

8 consumers against debt collection abuses." 15 U.S.C. § 1692(e).  The FDCPA makes debt

9 collectors strictly liable for misleading and unfair debt collection practices. *Kaiser v. Cascade

10 Capital, LLC*, 989 F.3d 1127, 1135 (9th Cir. 2021).  Because it is a remedial statute, the FDCPA

11 should be interpreted "liberally." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1025

12 (9th Cir. 2012) (quotation omitted).

13     Bergida alleges that by sending the undated letter, PlusFour violated four sections of the

14 FDCPA, specifically §§ 1692d, e, f, and g.  Whether conduct violates the latter three sections (§§

15 1692e, f, or g) is based on an objective "least sophisticated debtor" standard. *See, e.g., Gonzales

16 v. Arrow Fin. Servs., LLC*, 660 F.3d. 1055, 1061 (9th Cir. 2011) (§ 1692e); *Donohue v. Quick

17 Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (§ 1692f); *Mashiri v. Epsten Grinnell &

18 Howell*, 845 F.3d 984, 990-91 (9th Cir. 2017) (§ 1692g).  In applying the standard, I "ask[] the

19 objective question of whether the hypothetical least sophisticated debtor would likely have been

20 misled," rather than "the subjective question of whether an individual plaintiff was actually

21 misled by a communication." *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 775 (9th Cir. 2017).

22 This is a legal, rather than factual, determination. *Stimpson v. Midland Credit Mgmt.*, 944 F.3d

23 1190, 1196 (9th Cir. 2019). The hypothetical least sophisticated debtor is comparatively

uninformed and naive about financial matters, and "functions as an average consumer in the lowest quartile (or some other substantial bottom fraction) of consumer competence." *Id.* (quotation omitted). The least sophisticated debtor still understands the "normal, everyday meaning of words;" can make "basic logical deductions and inferences;" and is willing to "read with care." *Id.* (quotations omitted). "[T]he standard preserves a quotient of reasonableness . . . . The FDCPA does not subject debt collectors to liability for bizarre, idiosyncratic, or peculiar misinterpretations." *Gonzales*, 660 F.3d. at 1062 (simplified). Claims under § 1692d are "viewed from the perspective of a consumer whose circumstances make[] [her] relatively more susceptible to harassment, oppression, or abuse," which is similar to the least sophisticated debtor standard. *Arteaga v. Asset Acceptance, LLC,* 733 F. Supp. 2d 1218, 1226 (E.D. Cal. 2010) (quotation omitted).

**B.  Safe Harbor**

PlusFour contends that its letter is based on the CFPB's Model Form B-1, a model debt collection validation notice. Thus, it is protected by a regulatory safe harbor provided by the CFPB. Bergida argues that the safe harbor does not apply here. I agree with Bergida.

The CFPB has the authority to "prescribe rules with respect to the collection of debts by debt collectors" and does so through Regulation F. 15 U.S.C. §§ 1692a(1), 1692*l*(d); 12 C.F.R. § 1006.1(b). Regulation F provides a safe harbor where "[a] debt collector who uses Model Form B-1 complies with the information and form requirements of paragraphs (c) and (d)(1) of this section," referring to sections 1006.34(c) and (d)(1). 12 C.F.R. § 1006.34(d)(2)(i). However, the safe harbor provision does not state that using the form constitutes compliance with any part of the FDCPA. *See* Debt Collection Practices (Regulation F), 86 Fed. Reg. 5766, 5835 (Jan. 19, 2021) (noting that the safe harbor from using Model Form B-1 applies only to 1006.34(c) and

(d)(1), and not "other collection activities").  Based on the text of the regulation and the CFPB's official interpretation of it, the CFPB's safe harbor does not shield debt collectors from liability for violations of the FDCPA.  Therefore, I analyze whether the complaint plausibly alleges violations of each of the statutory subsections.

## C.  Section 1692g – Validation of Debts

### 1.  *Section 1692g(a) – Notice of debt; contents*

"Within five days after the initial communication with a consumer…unless the following information is contained in the initial communication or the consumer has paid the debt, [debt collectors must] send the consumer a written notice containing—

> (1) the amount of the debt;

> (2) the name of the creditor to whom the debt is owed;

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

Bergida alleges that PlusFour violated § 1692g(a) by "[f]ailing to properly provide the amount of the debt, by pegging it to an unknown date." ECF No. 1 at 14.  She contends that

1  without a date on the letter, debtors are "without basic information to determine the total amount

2  that is being sought" because the given "total amount of the debt now" provided on the letter

3  could be "outdated information." ECF No. 8 at 13.  Bergida does not allege violations of the

4  other validation notice requirements.  PlusFour contends that its letter includes all the statutory

5  requirements, that the statute unambiguously does not require the letter to be dated, and that the

6  CFPB's regulations should be given deference. ECF Nos. 6 at 4; 9 at 8-9.

7       Based on a plain reading of the statute's text, validation notices must include "the amount

8  of the debt," but need not include the date of the notice. 15 U.S.C. § 1692g(a); *cf. Stimpson*, 944

9  F.3d at 1198-99 (refusing to read additional requirements in to the FDCPA because "[g]enerally,

10 the inclusion of certain terms in a statute implies the exclusion of others" (quotation omitted)).

11 Upon reading the letter, the least sophisticated debtor would understand "Total amount of the

12 debt now: $103.69" to represent "the amount of the debt."  Therefore, Bergida has not plausibly

13 alleged that the letter violates § 1692g(a).

14      This conclusion is supported by the fact that CFPB's Model Letter B-1 does not include

15 the date of the letter. 12 C.F.R. § 1006 app. B. *See Stimpson*, 944 F.3d at 1197 (noting that

16 CFPB-required language supported the conclusion that the language was not confusing to a least

17 sophisticated debtor).  The CFPB is tasked with administering the FDCPA and its mission is to

18 protect consumers. *Id.*  It considers a letter substantially similar to Model Letter B-1 sufficient to

19 inform consumers about the "current amount of the debt." 12 C.F.R. §§ 1006.34(c)(2)(ix),

20 (d)(2)(iii).  I therefore dismiss Bergida's claim under § 1692g(a).

21      ***2.  Section 1692g(b) – Overshadowing Conduct***

22      Section 1692g(b) requires that debt collectors cease collection of a debt if a consumer

23 disputes the debt or requests information about the original creditor "within the thirty-day period

described in subsection (a)."  In addition, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Id.*

Bergida claims that PlusFour violated § 1692g(b) by "engaging in collection activities and communication during the 30-day period that overshadowed and/or was inconsistent with the disclosure of the consumer's right to dispute the debt." ECF No. 1 at 15.  Bergida argues in her opposition that the "overshadowing" occurs because without a date on the letter, she is limited in enforcing her § 1692g validation rights, as she cannot verify that PlusFour actually provided her with the notice within five days of the initial communication or that she was given the correct 30-day period to dispute the debt. ECF No. 8 at 14.  PlusFour contends that the statute requires 30 days to be given after the consumer *receives* the validation notice, which PlusFour cannot know for certain, so instead it provides an estimated date as per CFPB regulations. ECF No. 9 at 5-6.

Bergida's complaint includes only a conclusory statement that merely recites the language of § 1692g(b), and therefore does not establish a plausible entitlement to relief.  Even if Bergida had alleged the facts from her opposition in her complaint, those facts do not establish a facially plausible claim.  First, Bergida does not allege that she received another, earlier communication that would qualify as an initial communication.  And if the undated letter at issue is the initial communication between parties, then the validation notice requirement is satisfied, so the "five days" timeline is moot. 15 U.S.C. § 1692g(a).  Second, the 30-day period begins "after receipt of the notice" by the consumer. *Id.* at § 1692g(a)(3).  A date on the letter, or omission thereof, is therefore irrelevant to a potential violation of § 1692(g)(b) because the letter's date is not the date of the "receipt of notice."  Moreover, Bergida does not allege when

she received the notice.  The lack of a date does not overshadow nor is it inconsistent with Bergida's validation rights.  I therefore dismiss this claim.

**D.  Section 1692d – Harassment or Abuse**

The FDCPA also prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Bergida alleges that PlusFour violated § 1692d "[b]y omitting a date from [its] dunning letter and defining [her] debt based on the omitted date." ECF No. 1 at 12.  PlusFour contends that the only alleged violation, the lack of a date on the letter, is not harassing. ECF Nos. 6 at 3; ECF No. 9 at 3.  Bergida did not respond to this argument or point to authorities in support of her claim, so she has consented to the dismissal of this claim. LR 7-2(d).  Moreover, sending an undated collection letter does not rise to the level of harassment, oppression, or abuse. *See* 15 U.S.C. § 1692d (example violations include the use or threat of violence, use of profane language, or repetitive phone calls).  I therefore dismiss this claim.

**E.  Section 1692e – False or Misleading Representations**

***1.  Section 1692e(2)(A)***

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* at § 1692e.  In particular, the "false representation of . . . the character, amount, or legal status of any debt" is a violation of this section. *Id.* at § 1692e(2)(A).

Bergida alleges that PlusFour violated § 1692e(2)(A) because "the letter falsely represents the true character and/or legal status of the debt." ECF No. 1 at 12.  PlusFour contends that Bergida has not alleged that any information in the letter was inaccurate.

Bergida's allegation is a conclusory statement that merely recites the elements of § 1692e(2)(A). Bergida makes no allegations elsewhere in her complaint that would allow me to draw a reasonable inference that information in the letter, such as the amount of debt or legal status of the debt, is false or incorrect. She has not established a plausible entitlement to relief under this subsection, so I dismiss this claim.

### 2. *Section 1692e(10)*

15 U.S.C. § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Section 1692e(10) is understood to be a "catchall" provision. *Gonzales*, 660 F.3d. at 1062 (quotation omitted). A communication is "deceptive" under the FDCPA if "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* (quotation omitted). But even if a letter omits some clarifying language, that does not necessarily mean the letter is false, deceptive, or misleading. *Evon*, 688 F.3d at 1028. If a communication does not violate § 1692g(a), the same theory would not support a violation of § 1692e(10). *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1104 (9th Cir. 2012); *Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290 F.3d 1055, 1057-58 (9th Cir. 2002).

Bergida alleges that PlusFour violated § 1692e(10) "[b]y making a false and misleading representation/omission[]." ECF No. 1 at 12. She also alleges that she was confused as to the letter's legitimacy because it omitted a date. *Id.* at 7-10. In her opposition, Bergida points to an out-of-circuit district court case finding a violation of § 1692e (and § 1692f) based on a violation of § 1692g. ECF No. 8 at 10-18 (citing *Roger v. GC Servs. Ltd. P'ship*, No. 22-23192-CIV, 2023 WL 2124298 (S.D. Fla. Feb. 9, 2023)). PlusFour contends that the undated letter is not

materially false, deceptive, or misleading because the FDCPA does not require dating the letter and no Ninth Circuit case supports Bergida's claim. ECF No. 9 at 3, 6.

Bergida's alleged subjective confusion about the letter's legitimacy does not necessarily mean the letter violates the FDCPA. Objectively, there is nothing about the letter that would mislead a least sophisticated debtor about its legitimacy, even though it lacks a date. *Roger* is non-binding and not persuasive. I must follow Ninth Circuit law that the plaintiff's failure to establish a plausible violation of § 1692g also means that she fails to establish a violation of § 1692e(10) when the two claims are based on the same theory. I therefore dismiss this claim.

**F. Section 1692f – Unfair Conduct**

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The statute lists eight non-exhaustive examples of violative conduct but does not define "unfair or unconscionable." *Id.*; § 1692a. "The Ninth Circuit has not yet articulated a standard for identifying unfair or unconscionable conduct outside of the eight examples listed in the statute." *Cunningham v. Meridian Credit Grp., LLC*, No. EDCV 18-1889 JGB (SHKx), 2019 WL 643966, at *4 (C.D. Cal. Feb. 11, 2019). Because there is no statutory definition or binding law, I look to other sources to help construe the term "unfair." *See Juras v. Aman Collection Serv.*, 829 F.2d 739, 742 (9th Cir. 1987) (using other sources to define the term "security" in the FDCPA). The Federal Trade Commission's (FTC) commentary on the FDCPA states that conduct is unfair "if it causes injury to the consumer that is (1) substantial, (2) not outweighed by countervailing benefits to consumers or competition,

and (3) not reasonably avoidable by the consumer." Staff Commentary, 53 Fed. Reg. 50097, 50107 (Dec. 13, 1988).[2]

Bergida claims that PlusFour violated § 1692f by "omitting a material term from the dunning letter to disadvantage [her] from making an educated decision regarding the subject debt." ECF No. 1 at 13.  In her opposition, she contends that an undated letter "is 'unfair' as that term is broadly interpreted under the statute," and again relies on *Roger*. ECF No. 8 at 13-14. PlusFour contends that Bergida fails to assert anything about the letter that makes it unfair to the least sophisticated debtor. ECF No. 9 at 3.

I agree with PlusFour.  Bergida has not plausibly alleged unfair conduct.  Based on the objective standard, it is unreasonable for a least sophisticated debtor to believe that the letter is illegitimate based solely on the omission of a date.  Bergida does not point to any binding interpretations of "unfair" that would suggest otherwise.  The FTC commentary supports the conclusion that a mere lack of date is not unfair.  Bergida alleges that the undated letter disadvantaged her from making an educated decision regarding the debt because she was unsure of the letter's legitimacy.  But the harm resulting from this confusion was reasonably avoidable by both her and a least sophisticated debtor.  A least sophisticated debtor is willing to read with care, and therefore would be able to comprehend from the notices given that she could request information to verify the legitimacy of the debt or the letter.

---

[2] Though the FTC's staff commentary on the FDCPA is not dispositive or binding, it can be "illustrative of the types of permissible and impermissible conduct" under the statute. *Evon*, 688 F.3d at 1026.

### G.  Amendment

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

As discussed above, if the undated letter is the only conduct alleged, then there is no violation of §§ 1692d-g of the FDCPA as a matter of law.  However, if Bergida can allege other conduct or communications related to the debt collection that would support a violation of the FDCPA, I grant her leave to amend to add those facts.

## III. CONCLUSION

I THEREFORE ORDER that defendant PlusFour's motion to dismiss (**ECF No. 6**) is **GRANTED**.  All claims are dismissed without prejudice.  I grant Bergida leave to amend by November 30, 2023, if facts exist to do so.  If she does not, I will dismiss the case with prejudice, enter judgment against Bergida, and close the case.

DATED this 31st day of October, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE